### INJURY AT A STREET CROSSING.

#### Circuit Court of Summit County.

THE NORTHERN OHIO TRACTION & LIGHT COMPANY v. ROBERT McAFEE.

Decided, October 11, 1909.

*Negligence—Driving Across Street Car Track—Company Liable if Motorman Makes No Effort to Stop His Car.*

Although the driver of a wagon may be negligent in attempting to cross a street car track in front of an approaching street car which he sees, still the motorman who saw the driver's position, is negligent, and the company liable, if he fails to use reasonable efforts to stop his car in time to avoid a collision.

*Rogers & Rowley,* for plaintiff in error.
*L. S. Pardee* and *G. M. Anderson,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The injury complained of in the petition in this case for which a recovery was had at the hands of a jury, was received at the corner of Fir and East Market streets, in the city of Akron, and was occasioned by a collision between the car of the traction company and a high wagon of McAfee on which he was riding.

McAfee was crossing the track of the traction company and was nearly over when the car struck the tire of his rear wheel, his wagon was slewed around and he was spilled out.

The record discloses the fact that McAfee on the wagon and the motorman on the car had a free and unobstructed view of each other for some moments before the accident happened. McAfee knew the car was coming and the motorman knew that McAfee was about to cross the track, from the moment the noses of his horses entered upon the space between the rails.

McAfee, in his petition, claims the benefit of the doctrine of last chance. In other words, he says, in effect, that though he may have misjudged the situation and his ability to cross the track in safety before the car reached him, still, after the motorman saw him he could have prevented the collision with the rear wheel of the wagon if he had done his best to stop the car. If the speed of the car was such that the motorman could have stopped the car in the time that elapsed after the noses of the horses crossed the first rail of the track and until the rear wheel passed the second rail of the track and the overhang of the car, then it was his duty to do so and to avoid hitting the wagon.

Thus arises the question whether it was not the motorman who misjudged as to whether the wagon would clear the track before his car reached it. This question was referred to the jury, and, though the brief of plaintiff claims that there is no evidence in the record to sustain the claim that the motorman did not use his best efforts to avoid the collision after he saw McAfee's danger, still the same brief urges upon this court that it adopt the traction company's evidence that the car was going at a low rate of speed, about five miles an hour, up hill, instead of at the rate of fifteen or twenty miles an hour, as claimed by the said McAfee, and if the jury believed the traction company's witnesses, they could easily figure out whether the motorman could, by the exercise of proper care, stop his car in a distance of about twenty-five feet.

If the motorman had time to stop his car after he saw McAfee's danger and didn't do it, it is a proper conclusion that he didn't do all he could to stop it.

The doctrine of last chance concedes the plaintiff's initial negligence, as we have, in a consideration of this case, and, as the benefit of said doctrine was claimed in the petition, there was some evidence to establish it and it was properly expounded in the charge of the court, we are loathe to say that there should be no recovery in this case, though it is a close one.

The requests to charge that were made by the traction company before argument and not given, were properly refused because they made no reference to the very proposition on which this judgment is sustained. The request after argument, which was refused, ignored the claim in the petition that the wagon as well as the person of McAfee, was injured.

The judgment is affirmed.